GERMAN HERNANDEZ v. THE STATE.

No. 8349. Decided January 30, 1924.

**1.—Theft of Automobile—Requested Charge—Fraudulent Intent.**

Where, upon trial of theft of automobile, the defendant submitted a requested charge that if he was so drunk as to be incapable of forming a fraudulent intent he should be acquitted, there is no error in the instant case to refuse the same.

**2.—Same—Requested Charge—Temporary Use.**

Where, upon trial of theft of automobile, the main charge properly submitted the defensive theory, there was no error in refusing a requested charge thereon.

**3.—Same—Evidence—Self-Serving Testimony.**

Upon trial of theft of an automobile, there was no error in rejecting testimony that some six or eight hours after defendant's arrest he inquired why he was in jail, This was self-serving testimony.

Appeal from the District Court of Webb. Tried below before the Honorable J. F. Mullally.

Appeal from a conviction of theft of an automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, Judge.—Appellant is under conviction for theft of an automobile from J. B. Almond. Punishment, two years in the penitentiary.

About midnight Almond left his car in front of the Plaza Cafe in Laredo while he stepped into the Cafe to get something to eat. He came out in about twenty minutes and his car was gone. Almond immediately reported the matter to police headquarters. About an hour later while Almond, in company with some friends, was on his way home some one passed in a car which he recognized as his. They followed; the car turned into the dark part of a street, stopped, and the lights were switched off. When the owner of the car and the parties with him came up they found appellant in charge of it. He claimed the car as his own, but made contradicting statements as to how he came into possession of it. Appellant did not testify, but made proof by several witnesses that he was drinking on the night of the alleged theft; some of the witnesses said he was drunk.

A special charge requested and refused was to the effect that if appellant was so drunk as to be incapable of forming a fraudulent intent he should be acquitted. The learned trial judge declined to submit such instruction on the ground that the evidence failed to raise the issue. We do not take the time to set out all the evidence, but after reviewing it, we have reached the conclusion that the court was right in his action.

Another special charge requested was upon the issue of taking the car for "temporary use" only. The only evidence upon which such a charge could be based was from one witness who testified that appellant told him "Almond had sent him to get him a bottle of tequila." The court charged that if Almond sent appellant with the automobile on an errand, appellant would not be guilty, and told the jury to acquit if they entertained a reasonable doubt upon that issue. There was no necessity for a further charge upon the subject.

Appellant offered to prove by the jailer that some six or eight hours after the arrest the appellant inquired why he was in jail. This was rejected as self-serving. There was no error in this ruling If,

after such lapse of time, appellant had offered to prove that he then said he was so drunk he did not know why he was arrested, it would have been clearly self-serving and inadmissible.

We find no error calling for a reversal, and the judgment is affirmed.

*Affirmed.*